Martin, J.
. delivered the opinion of the court, , ~ _ , . * Ihe plamtins aliedge, that there existed a com *700 m e r c *a * partnership, between the respective insolvents of the parties, and pray that they may Oe admitted by the defendants to participate in the dividends and distribution of the monies pro- , 1 ceeding-, from the estate of the defendants’ insolvent-- as well as her other creditors, offering the reciprocity. There was judgment for the defendants on a plea of the general issue, and the plaintiffs appealed.
The partnership contract bears date of the 11th of October, 1813, and sets forth, that the parties are to be interested in a dry goods store. Their stock is to be composed of a sum of $7000, already furnished by Plantin, and an equal sum to be furnished by Desse. It is declared that the partnership began on the preceeding first of July.
Desse failed in 1816. His inventory or schedule, does not mention his interest in the dry good store, and the property he surrendered consists of wet goods only. Plantin failed in March, 1817.
There is not any evidence of Desse having ever paid one cent of the sum of $7000, specified in the partnership articles, as his part of the stock. He is not mentioned as a debtor, credit tor, or partner in Plantin’s bilan.
As both partners have failed, it is clear, that *701 the estate of neither as a claim, on that of the other for any share in the profits. If that of Desse has any claim for the whole, or any portion of his part of the stock, proof must be made of its having been paid. That Desse’s estate is a creditor of Plantin’s, for any part of the stock fu: nished by the former, is negatived by both their bilans.
Seghers for the plaintiffs, Duncan for the defendants;
The creditors of a partner have no claim on the partnership, much less on the co-partner, unless they shew, that their debtor contracted with them for the affairs of the partnership. Now, if any of Desse’s creditors has so contracted with him, he has a right to be placed on the biian of either or both the partners as a creditor. But, as he cannot be thus placed, till he has proven both the nature and amount of his debt, it follows that the whole of the creditors of a partner, en masse, cannot be placed on the biian of the other : for the respective claim of each creditor must be individually tested.
The district court was, therefore, correct in rejecting the plaintiffs’ application, and it is ordered, adjudged and decreed, that the judgment be affirmed with costs.